IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| TRACY SMITH, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SHELL CHEMICAL LP, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Tracy Smith ("Plaintiff" or "Mr. Smith"), by and through his undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Shell Chemical LP ("Defendant") for violation of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADEA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2021 (Attached as Exhibit "A"); the EEOC issued its Notice of Right to Sue on July 21, 2022 (Attached as Exhibit "B").

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is an African American male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District.

8.

Defendant is now and at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed twenty (20) or more employees for the requsite duration under the ADEA.

9.

Defendant is now and at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant is now and at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (500) or more employees for the requisite duration under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System at 2 North Jackson St., Suite 605 Montgomery, AL 36104.

**FACTUAL ALLEGATIONS**

12.

Plaintiff began working for Defendant on or about August 22, 2016, as an Operator.

13.

Plaintiff was promoted to a Senior B Gauger in 2018.

14.

While employed, Plaintiff received no valid disciplinary actions after investigation and only received excellent performance appraisals.

15.

Melissa Aspelund joined the Human Resources Department in 2019 to help grow diversity within the company.

16.

Throughout his employment Plaintiff expressed interest in a leadership role to his supervisor, John Adams, and sought guidance for progressing his career. Mr. Adams discouraged Plaintiff from doing so.

17.

In early 2021, Defendant was hiring a Plant Team Lead. This position required the successful candidate to know all areas of Tank Farm and Oil Movements.

18.

This job was posted in February 2021 but kept open for only two (2) to three (3) days for applicants which was inconsistent with Defendant's usual practice of leaving job postings open for several weeks.

19.

Plaintiff was interested in and qualified for the team lead position; however, he was unable to apply/interview for the team lead position due to Defendant's unexplained brief posting period. Plaintiff complained to his supervisor, John Adams, about the brief posting period and inquired if Defendant already had a

preferred candidate prior to posting the position. Mr. Adams did not reply to Plaintiff's inquiry.

20.

Instead of keeping the job posting open and available for older and more experienced African American candidates, Defendant hired Caleb Davis, a young white male with less experience than Plaintiff.

21.

Plaintiff is over fifty (50) years old, and Caleb Davis was under forty (40) years of age.

22.

Plaintiff has performed this kind of work for twenty-five (25) years and Caleb Davis has only performed this kind of work for approximately ten (10) years.

23.

There are eight (8) Production Team Leads at Defendant's plant. There are no African American Team Leads. All four (4) Team Leads in the oil movement department (Plaintiff's department) are white males.

24.

Although Defendant purports to provide a legitimate non-discriminatory reason for this adverse action, this reason is a pre-text.

25.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., non Black employees under forty (40) years old.

26.

Despite Plaintiff's complaints, Defendant did not attempt to rectify the situation by allowing Plaintiff a reasonable opportunity to apply for the Team Leader Position for which he was well qualified.

## **CLAIMS FOR RELIEF**

### **COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED**

27.

Plaintiff re-alleges paragraphs 1-26 as if set forth fully herein.

28.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his age in violation of ADEA, as amended.

29.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

30.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his age.

31.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

### COUNT II:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32.

Plaintiff re-alleges paragraphs 1-31 as if set forth fully herein.

33.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

34.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

35.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

36.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

37.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

38.

Plaintiff re-alleges paragraphs 1-37 as if set forth fully herein.

39.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (Black).

40.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

41.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

42.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

43.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

45.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Compensation for lost compensation, back pay, wages and employment-related benefits;

(i) Liquidated damages; and

(j) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 29th of August, 2022.

**BARRETT & FARAHANY**

s/ *John E. Tomlinson*
John E. Tomlinson
Alabama Bar No. 4095O78T
Amy C. Sillmon
Alabama Bar No. ASB-3303-M55M

*Counsel for Plaintiff Tracy Smith*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
john@justiceatwork.com
amy@justiceatwork.com